Law Offices of Mitchell Cantor
470 Park Avenue South, 12th floor
New York, NY 10016
Tel. (212) 679-7820
Email: cantor.law@verizon.net
Counsel for Pensco Trust Company f/b/o Joseph Porto IRA PO1BW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:  Case No. 09-10402 (SMB)
  Jointly Administered
VARGAS REALTY ENTERPRISES, INC.
  Stuart M. Bernstein
  United States Bankruptcy Judge

-----------------------------------------------------------x

VARGAS REALTY ENTERPRISES, INC.

        Adversary Plaintiff,

   -against-

PENSCO TRUST COMPANY f/b/o
Joseph Porto IRA PO1BW and
CFA W. 111 STREET, L.L.C.,

        Adversary Defendants.

-----------------------------------------------------------x

Hearing Date: July 23, 2009
Hearing Time: 10:00 A.M.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Pensco Trust Company f/b/o Joseph Porto IRA PO1BW (henceforth "Pensco") will move this Court before the Hon. Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom no. 723 on the 23rd day of July, 2009 at 10:00 a.m. or as soon thereafter as counsel may be heard for: (i) an Order pursuant to BR 7012 and FRCP

12(b)(6) dismissing the adversary complaint filed by the Debtor herein on or about May 25, 2009; (ii) an Order pursuant to FRCP 11(c) awarding sanctions against Debtor or their counsel on the ground that the adversary complaint is patently frivolous and (iii) for such other and further relief as the court deems just and proper.

PLEASE TAKE FURTHER NOTICE that unless written objection to the entry of the order is received by the undersigned and the clerk of the court at least five (5) days prior to the Hearing Date, the order will be entered as unopposed.

Dated: New York, New York
June 25, 2009

MITCHELL CANTOR (5401)

_____
Law Offices of Mitchell Cantor
Attorney for Secured Creditor
Pensco Trust Company
f/b/o Joseph Porto IRA PO1BW
470 Park Avenue South, 12th floor
New York, NY 10016
(212) 679-7820

TO: Carl E. Person, Esq.
Attorney for Debtor
325 West 45th Street
Suite 201
New York, NY 10036-3803
(212) 307-4444

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                  Case No. 09-10402 (SMB)

VARGAS REALTY ENTERPRISES, INC.                         Chapter 11

-------------------------------------------------------x

VARGAS REALTY ENTERPRISES, INC.

                Adversary Plaintiff,

  -against-

PENSCO TRUST COMPANY f/b/o
Joseph Porto IRA PO1BW and
CFA W. 111 STREET, L.L.C.,

                Adversary Defendants.

-------------------------------------------------------x

TO: HON. STUART M. BERNSTEIN
     UNITED STATES BANKRUPTCY JUDGE:

The Application of Pensco Trust Company f/b/o Joseph Porto IRA PO1BW by its counsel The Law Offices of Mitchell Cantor respectfully represents and says:

Mitchell Cantor, an attorney duly admitted to practice before this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

I

RELIEF REQUESTED

1. This motion is brought pursuant to sections Federal Rules of Civil Procedure 11 and 12(b)(6) and pursuant 362(d) of Title 11 of the United States Code, 11 U.S.C. section 101 et seq. (the "Bankruptcy Code") for: (i) an Order pursuant to BR Rule 7012

and FRCP 12(b)(6) dismissing the adversary complaints filed by the all four Consolidated Debtors (Vargas Realty Enterprises, Noble Realty Corp., V& R Realty Corp. and E.R. Properties, Inc., henceforth "Debtors") on or about May 25, 2009 as barred by the doctrines of res judicata, unclean hands and the overwhelming weight of evidence; (ii) an Order pursuant to FRCP 11(c) awarding sanctions against Debtors or their counsel on the ground that the adversary complaint is patently frivolous and (iii) for such other and further relief as the court deems just and proper.

II

BACKGROUND

2. On January 29, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing the Premises as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

3. On March 26, 2006, the Debtors executed a promissory note in the amount of $250,000.00 in favor of Movant Pensco Trust Company, Custodian f/b/o Joseph Porto IRA P01BW (henceforth "First Pensco Note"), secured by a mortgage on the respective real properties of the four Debtors herein (henceforth "First Pensco Mortgage") as security for a loan in the amount of $250,000.00 made by Movant. The proceeds were disbursed by Pensco Trust Company by wire transfer on behalf of Movant for the benefit of borrowers as follows:

| Transferee | Amount |
| --- | --- |
| Vargas Realty & Brokerage<br>c\o Apple Bank for Savings<br>124 East 125th Street<br>New York, NY 10035 | $186,910.00 |

Account No. 7020002916

Rosa Vargas                                     $50,000.00
c\o Banco Popular
2852 Broadway
New York, NY 10025
Account No. 6802267416

Mitchell Cantor as attorney                     $13,000.00
c\o North Fork Bank
470 Park Avenue South
New York, NY 10016
Account No. 2854045149

The remaining sum of $90 was allocated to wire transfer fees. The First Pensco Note and First Pensco Mortgage were both executed by Rosa Vargas on behalf of Debtors. A copy of the First Pensco Note, the First Pensco Mortgage and the corporate resolutions of Debtors and affidavits of authority executed by Rosa Vargas are annexed hereto as "Exhibit A".

4. The First Pensco Note was paid in full and the first Pensco Mortgage was satisfied on January 30, 3007.

5. On June 12, 2007 the Debtors executed a promissory note in the amount of $200,000.00 in favor of Movant Pensco Trust Company, Custodian f/b/o Joseph Porto IRA P01BW (henceforth "Second Pensco Note"), secured by a mortgage on the respective real properties of the four Debtors herein (henceforth "Second Pensco Mortgage") as security for a loan in the amount of $200,000.00 made by Movant. The proceeds were wire transferred by Pensco Trust Company to Mitchell Cantor, as attorney, and distributed by him on behalf of Movant for the benefit of borrowers as follows:

| Transferee | Amount |
| --- | --- |
| Joseph Porto | $50,000.00 |

| | |
|---|---|
| 100 West 113th Street LLC | $6,000.00 |
| Mitchell Cantor | $8,000.00 |
| Grzywinskipons Architects, LLC | $15,000.00 |
| Prestige Strategic Communications | $10,000.00 |
| Emily Ospino | $20,000.00 |
| Titledge | $7,068.00 |
| Vargas Realty & Brokerage, Inc. | $83,932.00 |
| Greeta Singh, Title Closer | $250.00 |

The Second Pensco Note and Second Pensco Mortgage were both executed by Henry Vargas on behalf of Debtors. A copy of the Second Pensco Mortgage, the corporate resolutions of Debtors and affidavits of authority executed by Henry Vargas are annexed hereto as "Exhibit B".

6. On July 6, 2007 the Debtors executed a promissory note in the amount of $40,000.00 in favor of Movant Pensco Trust Company, Custodian f/b/o Joseph Porto IRA P01BW (henceforth "Third Pensco Note"), secured by a mortgage on the respective real properties of the four Debtors herein (henceforth "Third Pensco Mortgage") as security for a loan in the amount of $40,000.00 made by Movant. The proceeds were wire transferred by Pensco Trust Company to Mitchell Cantor, as attorney, and distributed by him on behalf of Movant for the benefit of borrowers as follows:

| Transferee | Amount |
|---|---|
| Vargas Realty & Brokerage, Inc. | $29,172.00 |
| Joseph Porto | $5,000.00 |
| Mitchell Cantor | $4,000.00 |

| | |
|---|---|
| Titledge | $1,828.00 |

The Third Pensco Note and Third Pensco Mortgage were both executed by Henry Vargas on behalf of Debtors. A copy of the Third Pensco Mortgage, the corporate resolutions of Debtors and affidavits of authority executed by Henry Vargas are annexed hereto as "Exhibit C".

7. The Second Pensco Note and the Third Pensco Note were assigned to CFA W 111 Street L.L.C. (henceforth "CFA") for good and valuable consideration on August 28, 2007. On information and belief, the originals of the Second Pensco Note and the Third Pensco Note are currently in the possession of CFA.

8. On or about December 7, 2007, the Debtors executed a promissory note in the amount of $225,000 in favor of Movant Pensco Trust Company, Custodian f/b/o Joseph Porto IRA P01BW (henceforth "Fourth Pensco Note"), secured by a mortgage on the respective real properties of the four Debtors herein (henceforth "Fourth Pensco Mortgage") as security for a loan in the amount of $225,000 made by Movant. The proceeds were wire transferred by Pensco Trust Company to Mitchell Cantor, as attorney, and distributed by him on behalf of Movant for the benefit of borrowers as follows:

| Transferee | Amount |
|---|---|
| Joseph Porto | $100,000.00 |
| NY Harlem Luxury Living.com, LLC | $69,140.00 |
| Vista Media | $38,100.00 |
| Mitchell Cantor | $11,000.00 |
| Titledge | $6,760.00 |

The Fourth Pensco Note and Fourth Pensco Mortgage were both executed by Henry Vargas on behalf of Debtors. A copy of the Fourth Pensco Note, the Fourth Pensco Mortgage and the corporate resolutions of Debtors and affidavits of authority executed by Henry Vargas are annexed hereto as "Exhibit D".

9. The Fourth Pensco Note was a one year balloon note which came due on December 7, 2008.

10. On December 8, 2008, Debtors failed to pay any of the amount, whether principal or interest due Movant pursuant to the Mortgage Note. Movant immediately demanded same.

11. On or about July 29, 2008, CFA commenced a foreclosure action in the Supreme Court of the State of New York, County of New York, captioned <u>CFA W111 STREET, L.L.C. v. E.R. PROPERTIES, INC. ET AL</u>, Supreme, New York, Index No. 110017/08 (henceforth the "CFA Foreclosure").

12. On or about November 3, 2008, Victor Vargas commenced an action in the Supreme Court of the State of New York, County of New York captioned <u>Victor Vargas, individually and as sole shareholder of the 4 Defendant Corporations, and as the 100% beneficial owner of the 4 parcels of real estate held in the name of the 4 Defendant Corporations against Henry Vargas, Vargas Realty Enterprises, Inc., E.R. Properties, Inc., Noble Realty Corp and V & R Realty Corp, as corporations owned by Victor Vargas but being used b Henry Vargas without authorization to transfer and encumber 4 parcels of real estate in which Victor Vargas is the 100% beneficial owner, Index</u> No. 603172/03. (henceforth the "Victor Vargas Action") A copy of the summons and complaint in the Victor Vargas action is annexed hereto as "Exhibit E".

13. In the Victor Vargas Action, Victor Vargas, currently the President and sole shareholder of the Debtors herein, alleged that "Henry Vargas, without the knowledge or authorization of Victor Vargas seized control of the Victor Vargas Corporations by entering into a refinancing transaction for the West 111th Street Properties without authorization or Plaintiff's knowledge, obtaining more than $1,000,000.00 in cash for the 4 Victor Vargas Corporations".

14. On or about November 27, 2008, Henry Vargas settled the Victor Vargas action by conveying all of his right, title and interest in the four Debtor corporations to Victor Vargas. A copy of the (four) conveyances are annexed hereto as "Exhibit F".

15. On or about December 1, 2008, Victor Vargas by his attorney Carl Person Voluntarily Discontinued the Victor Vargas Action **with Prejudice**. A copy of the Discontinuance of the Victor Vargas Action with Prejudice is annexed hereto as "Exhibit G".

16. On or about December 5, 2008, Victor Vargas consented in writing to a letter agreement executed between CFA, the Debtors, Henry Vargas and Victor Vargas which was signed by Henry Vargas on behalf of the Debtors, Henry Vargas individually and Victor Vargas individually and which stated, inter alia, that:

> "Borrower hereby acknowledges and agrees that the Loan Documents continue to constitute legal and enforceable obligations of Borrower, without any defenses, counterclaims or offsets, including any such defenses, counterclaims or offsets raised by Borrower or Guarantor in the Foreclosure Action."
>
> "Both Borrower and Lender acknowledge that it has participated in the negotiation of this letter agreement, and no provision of this letter agreement shall be construed against or interpreted to the disadvantage of any party by any court or other governmental or judicial authority by reason of such party having or being deemed to have structured, dictated or drafted such provision. Both Borrower and Lender have reviewed this letter agreement with counsel,

understand the agreements contained herein, and have agreed to execute and deliver this letter agreement as its own free act and deed and without duress."

A copy of this December 5, 2008 letter agreement is annexed hereto as "Exhibit H".

III

THE ADVERSARY PROCEEDING MUST BE DISMISSED

17. The allegations set forth in the Victor Vargas Action are essentially identical to the allegations set forth by Debtors in the adversary complaint against Movant in that both the Victor Vargas action and the adversary complaint are premised upon the allegation that "Henry Vargas, without the knowledge or authorization of Victor Vargas seized control of the Victor Vargas Corporations by entering into a refinancing transaction for the West 111th Street Properties without authorization of Plaintiff's knowledge...." [1], an allegation which appears in the adversary complaint as "Henry Vargas and Rosa Vargas were not officers, shareholders, directors, managers, agents or employee (sic) of any of the 4 Debtors at or before, or after, the date of execution of any of the 4 Pensco Mortgages or related notes."[2].

18. It is axiomatic that the Adversary Plaintiffs cannot have two bites of the apple, particularly when, as in the case at bar, they discontinued with prejudice a previous state court proceeding based on the exact same nucleus of operative facts.

19. Even more egregiously, Victor Vargas on December 5, 2008 authorized and approved of Henry Vargas signing the letter agreement with CFA in which the Debtors

---

[1] Victor Vargas et al v. Henry Vargas et al., Supreme, New York, Index No. 603172/08, at paragraph 6 of the complaint.

[2] In re: E.R. Properties, Inc. v. Pensco Trust Company f/b/o Joseph Porto PO1BW, United States Bankruptcy Court for the Southern District of New York, Case No. 09-10407 (SMB) at paragraph 17 of the complaint

admitted that they had no defenses to the CFA Foreclosure. It is the understanding of Movant that Debtors have, in addition to this adversary complaint against Movant, filed a similar adversary complaint against CFA based on the same allegation, which is that Henry Vargas was not authorized to enter into financing transactions on behalf of the Debtors. It is clear bad faith on the part of the Debtors and their counsel to make such an allegation in these adversary complaints when, on December 5, 2008, Victor Vargas not only acknowledged the enforceability of the loan documents executed by Henry Vargas but further ratified the rights of Henry Vargas to sign on behalf of the Debtors by allowing him to do so even after Henry Vargas conveyed all of his right, title and interest in the Debtors to Victor Vargas on November 27, 2008.

20. Furthermore, while the Debtors allege that "no inquiry by or for Joseph Porto, Pensco or CFA was made to any of the 4 Debtors at any time before or after the e4xectuion of any of the 4 Pensco Mortgages and related notes,"[3] it is clear from the sixteen (16) affidavits executed on behalf of all four Debtors in connection with each of the four Pensco Mortgages that Movant required for each and every mortgage and for each of the Debtors, representations under oath that the person acting on behalf of the Debtors, whether Rosa Vargas or Henry Vargas, had full authority to do so represented same to Movant under pain of perjury.

21. Consequently, based on the due diligence undertaken by Movant, it was Rosa Vargas in connection with the First Pensco Mortgage, and Henry Vargas in connection with the Second, Third and Fourth Pensco Mortgages, who received copies of the Pensco

---

[3] In re: E.R. Properties, Inc. v. Pensco Trust Company f/b/o Joseph Porto PO1BW, United States Bankruptcy Court for the Southern District of New York, Case No. 09-10407 (SMB) at paragraph 18 of the complaint

Mortgages and related notes. As far as Movant could ascertain based on reasonable due diligence, Victor Vargas was a stranger to all four of these transactions.

22. Hence, in that Movant had no reason to suspect Victor Vargas had any relationship to the Debtors at the time it made all four of the Pensco Mortgages, there was no reason to inform or copy Victor Vargas as to any aspects of the Pensco Mortgages. Rosa Vargas and Henry Vargas clearly had apparent authority under the New York Business Corporation law.

23. The adversary complaint against Movant is therefore barred by the doctrine of res judicata, the doctrine of unclean hands and the overwhelming weight of the documentary evidence.

IV.

## WAIVER OF MEMORANDUM OF LAW

24. Movant requests that the Court waive and dispense with any requirement pursuant to Local Rule 9013-1(a) that any motion filed shall have an separate memorandum of law apart from the citations set forth in the body of this motion. No novel issue of law is raised by this motion. Accordingly, Movant submits that a waiver of Rule 9013-1(a) is appropriate to the extent it is construed to require a separate memorandum of law in addition to the citations contained in the motion itself.

## V.

## CONCLUSION

25. The adversary complaint filed herein is barred by the doctrines of res judicata and unclean hands. The plaintiffs in the adversary complaint have based their allegations on factual representations which they knowingly and discontinued in the context of the Victor Vargas Action and are simply attempting to delay the resolution of the present matter to the detriment of the Movant and other creditors. This is made even clearer by the manner in which the adversary complaint contradicts the December 5, 2008 letter agreement knowingly and willingly negotiated by the Debtors and their attorney. This Court should, at the least, dismiss the adversary proceeding and award the Movant attorneys fees and sanctions for Debtor's frivolous and wasteful litigation.

Dated: New York, New York
       June 25, 2009

MITCHELL CANTOR (5401)

_____
Law Offices of Mitchell Cantor
Attorney for Secured Creditor
Pensco Trust Company f/b/o Joseph Porto
IRA PO1BW
470 Park Avenue South, 12th floor
New York, NY 10016
(212) 679-7820